IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID DEBAUCHE,

                        Plaintiff,                            ORDER

      v.                                                    13-cv-553-wmc

OFFICER JAMES, *et al.*,

                        Defendants.

---

      Plaintiff David DeBauche has filed this lawsuit under 42 U.S.C. § 1983, alleging that Officer James and Sergeant John Doe have retaliated against him in violation of his constitutional rights. Plaintiff has filed a motion for a court order allowing him to use "legal loan" funds to pay for photocopies of court documents that he reportedly needs to litigate this case. (Dkt. # 25.) Plaintiff also seeks criminal obstruction charges against the prison official who has denied his request for legal loan funds. Plaintiff's motion will be denied.

      The Wisconsin Department of Corrections has a policy of advancing funds to indigent inmate to cover certain costs associated with litigation or proceedings before the parole board. *See* Wis. Admin. Code § DOC 309.51 (the "legal loan" policy). There are limits on the amount of funds that an inmate may borrow from this fund.

      To the extent that plaintiff's motion takes issue with the denial of legal loan funding, he should be aware that this denial is not a determination in which this court will interfere. The Seventh Circuit has previously held that an incarcerated litigant has "'no constitutional entitlement to subsidy,' *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002), to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund." *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003). Thus, determinations regarding the extension of credit under Wis. Admin. Code § DOC 309.51 are "a matter strictly between [the litigant] and Wisconsin, and not any business of the federal

courts." *Id.* Based on *Lindell*, this court has previously declined to interfere in prison officials' decisions with respect to the legal loan limit. *See, e.g., Akright v. Capelle*, No. 07-cv-625-bbc, 2008 WL 4279571, at *1 (W.D. Wis. Sept. 16, 2008). Should plaintiff conclude that "the limitations on his funds prevent him from prosecuting his case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date[.]" *Williams v. Berge*, No. 02-cv-10-bbc, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002).

To the extent that plaintiff requests criminal charges against the prison official who denied his legal loan, such a request is not within the court's power to grant. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("A private citizen lacks a judicially cognizable interest in the prosecution . . . of another."); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private citizen has no standing to have lawyer disciplined or criminally charged); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to have another criminally prosecuted); *Gray v. Taylor*, 714 F. Supp. 2d 903, 911 (N.D. Ill. 2010) (an inmate does not have right to demand that an officer be investigated and prosecuted for an alleged wrongdoing). For these reasons, plaintiff's motion for a court order must be denied.

ORDER

IT IS ORDERED that plaintiffs' motion for a court order (dkt. # 25) is DENIED.

Entered this 24th day of October, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge